*L. A. Dickey* for defendants.

---

## REPUBLIC OF HAWAII *v.* MURAMOTO alias MAIDA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 6, 1899.          DECIDED APRIL 20, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

A new trial is ordered on the ground that the evidence was not sufficient to support the verdict on a charge of rape.

OPINION OF THE COURT BY FREAR, J.

Defendant was tried for rape, convicted, and sentenced to imprisonment for life and to pay a fine of fifty dollars, in the circuit court. He comes to this court on a number of exceptions, of which the only one that need be considered is that taken to the verdict as being contrary to the evidence. It is contended that there was no evidence to prove that the crime of rape had been committed.

There were three witnesses—a police officer, a Japanese woman, Masa by name, and a doctor. Their testimony tended to show the following facts:

On December 13, 1898, Masa and another Japanese woman, Mimi, upon whom the rape is alleged to have been committed, were gathering algeroba beans near the Ewa sugar plantation on this island. The defendant Maida, and another Japanese, Goto, knowing that the women were going to gather beans, came to where they were and after standing near by for some time, Maida asked Masa to come over and lie down on the beans. He took hold of her but she got away and ran off. Goto took hold of Mimi and pulled her into the forest and Maida assisted by pushing her, after Masa got away from him. Masa, after running some distance, stopped and looked back but could not see the others owing to the density of the forest. A few minutes later Goto and Maida went away and Masa came back and found Mimi lying on the ground insensible. A police officer was called almost immediately. He found Mimi lying exhausted among the trees, her clothes arranged properly. He pursued Goto and Maida on horseback and soon caught sight of them. Goto ran into a cane field and escaped and had not been captured up to the time of the trial. The officer followed Maida and when near him called to him to stop. Maida did so, threw up both arms and said, in both English and Japanese, "Not me, not me, I didn't do it, I didn't do it, Goto did it, I only hold her hands, Goto did it, I no do it." A little later a doctor was called. He found the woman lying in a semi-conscious state on the bean bags. He examined her to ascertain her general condition. He made no internal examination. He testified: "There was nothing to indicate that I should, because there were no abrasions about the privates that showed externally or anything of the kind." He testified also that he could not have told whether penetration had occurred "without examining the secret organs to see if there was any serum." There were no scratches or bruises on the body. "She was suffering apparently from inflammation about the bowels and stomach." The doctor attribut-

ed her semi-conscious condition to a shock of some kind. He gave her brandy and strychnine "to bring her out" and the next day began to treat her for the bowels. "That was the only thing she complained of." "She was emaciated, debilitated, weak, thin, almost pleuritic. She was in a state where the blood is so impoverished that they turn kind of green." She had been that way for some time. She was a married woman and Goto was not her husband. She died about three weeks after the assault.

The theory of the prosecution is that Goto committtted rape on Mimi and that the defendant was present aiding, thereby becoming a principal himself in the commission of the offense. Assuming that the evidence was sufficient to indicate an intention to commit rape rather than robbery or some other offense, still there was no evidence that rape was actually committed. There may have been an intent to commit it, or there may have been an attempt to commit it, which was not consummated. It is essential on a charge of rape to prove penetration, though the degree is immaterial, but in this case there is no evidence, direct or indirect, of penetration. What little evidence there is on this point, is the other way. We do not care to reason in detail upon a subject of this kind where as in this instance it is unnecessary to do so. It is true, Maida said "Goto did it." But did what? See *Green v. State,* 7 So. (Miss.) 326; *White v. Commonwealth,* 28 S. W. (Ky.) 340. The crime of rape may have been committed but in our opinion it was not proved.

The exception considered is sustained, the judgment below reversed and a new trial ordered.

*Attorney-General H. E. Cooper* and *Harry P. Weber* for prosecution.

*J. T. De Bolt* for defendant.